Republic Metal. Co. v. Bishop-Eberle Mfg. Co., 165 Ill. App. 453.

going to sue the company as they thought they had been robbed.

Appellant objected to the introduction of this letter and it should not have been admitted in evidence as it was wholly self-serving and tended to give appellee to some extent the benefit of what it was claimed other parties would testify to, who were not witnesses in the suit and also the statement that other parties claimed that they had been robbed.

While other errors are claimed by appellant to have been committed in the trial of the cause, they do not appear to be of serious import and we do not think it necessary to discuss them.

The judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*

---

### The Republic Metalware Company, Appellee, v. The Bishop-Eberle Manufacturing Company, Appellant.

VERDICTS—*when set aside as against the evidence.* A verdict will be set aside as against the evidence if the clear preponderance of the evidence is in favor of the party against whom the verdict was rendered.

Assumpsit. Appeal from the Circuit Court of St. Clair county; the Hon. L. BERNREUTER, Judge, presiding. Heard in this court at the March term, 1911. Reversed and remanded. Opinion filed November 11, 1911.

STEPHEN C. ROGERS and KOERNER & KOERNER, for appellant.

BENJAMIN F. NINDE and TURNER & HOLDER, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

The parties to this suit are both corporations. Ap-

pellee brought suit against appellant for the value of certain goods, wares and merchandise stated in the bill of particulars filed by it to have been worth $4,235.95. A jury was waived and the case tried by the presiding judge, who found the issues for appellee and entered judgment against appellant for the full amount sued for. Appellant asserts here that the findings of the court below and judgment entered thereon, are not sustained by the evidence.

The proofs presented on the trial show substantially the following state of facts: In October, 1905, C. H. Bishop and John B. Eberle were doing a partnership business in St. Louis, Missouri, under the name of Bishop-Eberle Manufacturing Company and at about that date, C. Sidney Shepard and Company, who have since been succeeded by appellee, sent them a large amount of metalware on consignment. The consignees, who manufactured stoves and certain other articles, sold some of these goods and used some of the others in their business. Early in 1908, a corporation known as the National Steel Furnace Company, located at New Athens, Illinois, through a committee of stockholders, traded a portion of its capital stock for the business and assets, except book accounts, of the Bishop-Eberle Manufacturing Company, partnership, and shortly thereafter the name of that corporation was changed to The Bishop-Eberle Manufacturing Company, the appellant in this suit. At the time of the transfer, the committee of stockholders, together with Bishop and Eberle, went through the stock and it appears to have been definitely understood between them, that the goods so consigned, were not included in the transfer. C. H. Bishop became president of the new corporation and John B. Eberle, the general manager. In 1909, the lease of the partnership having ended on its room in St. Louis, the balance remaining of the stock sent them, on consignment as aforesaid, was shipped to New Athens and stored in an ad-

dition built onto appellant's shop at that place. Appellee was carrying $5000 insurance on the stock in question and after a renewal was made in 1909, the insurance inspector went to the place where the goods had been stored and found them gone. He notified appellee and the latter then ascertained they had been shipped to New Athens as above stated. On April 6, 1910, after there had been some correspondence between C. H. Bishop on the one side and Mr. Wells, the president, and Mr. Ballenger, claim adjuster of appellee, on the other, relative to a settlement and adjustment of the account for the goods, Mr. Bishop wrote a letter to appellee stating, "If you will select any day the coming week and advise us we will be glad to meet you here at St. Louis and go over to New Athens. We are anxious to have this matter adjusted." This letter was written on stationery bearing the letter head of The Bishop-Eberle Mfg. Co. and was signed "The Bishop Eberle Mfg. Company, by C. H. Bishop, president." In accordance with the suggestion made in the letter, Mr. Ballenger went to New Athens and there met Bishop and Eberle. They, with the assistance of the secretary of appellant, then went over the original inventory and the goods on hand and made therefrom an itemized list of such goods as had been used or sold and not accounted for, which amounted to $4344.20. From this amount a credit of $108.25 was deducted for charges and expenses, leaving a net balance of $4235.95, as the balance due appellee, which was the amount for which judgment was given. This itemized account was signed, "The Republic Metalware Company by H. W. Ballenger" and "Bishop-Eberle Mfg. Co. by C. H. Bishop."

It thus appears that there was no contention as to the balance due appellant for that portion of the goods composing the consignment which was sold, and as the proofs show that such portion of the same as had been shipped to New Athens was returned to appellee, this suit was not concerned with them.

The question presented was whether appellee had a legal claim for the amount of its indebtedness against The Bishop-Eberle Manufacturing Company, the corporation, or whether it should really be against Bishop-Eberle Manufacturing Company, the partnership. While the names of the partnership and the corporation were nearly identical, the former was composed of Bishop and Eberle alone, while the stockholders of the corporation included other persons besides those two.

The evidence most relied on by appellee to sustain its claim that the corporation should be charged with the indebtedness, is the letter of Mr. Bishop above referred to, written on the stationery of the corporation and signed by him as president thereof. It would be natural however, that, as he was president of the corporation at the time the letter was written, he should write on its stationery and he explains the manner of his signature by saying that it was an error on his part; but at any rate it does not appear that he had any authority to commit the corporation to the assumption of an obligation to pay for these goods which it appears it had never used or disposed of. It was also shown by the testimony of Mr. Ballenger that at the time the itemized account of the goods disposed of was made, Mr. Bishop stated that they would not be able to pay it at that time but would do so as soon as they could; that Mr. Eberle and he had a claim against the company which he expected would be taken up too and that Mr. Ballenger told him in reply he had nothing whatever to do with the matter. This would tend to show that the settlement was being made between appellee and the partnership, composed of Bishop and Eberle.

It was in no way shown by the proofs that any of the goods named in the account sued for were used by nor did they appear to have been in the possession of appellant. A consideration of the whole record

leads us to the conclusion that the preponderance of the evidence was so clearly in favor of the proposition the debt sued for was that of the partnership and not of the corporation, that the judgment in this case against the latter should not be permitted to stand.

The judgment of the court below will therefore be reversed and the cause remanded.

*Reversed and remanded.*